### SCHWARTZ v. OBSTLER et al.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. CORPORATIONS (§ 340*)—LIABILITY OF OFFICERS.

Defendants, who were officers of a corporation, are not individually liable on a lease negotiated between plaintiff and the corporation, notwithstanding defects in the execution of the lease by the corporation, where plaintiff accepted their principal, who was disclosed as the contracting party, and received the rent from the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1473, 1474, 1476–1478; Dec. Dig. § 340.*]

2. CORPORATIONS (§ 409*)—LEASES—CONSTRUCTION—PARTIES.

Where the granting clause of a renewal lease was to defendants, trading under the name of the Universal Pad Company, Incorporated, and the lease was signed by defendants as president and treasurer of the corporation, and sealed with the corporate seal, there was no lease to defendants.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1620–1622; Dec. Dig. § 409.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Charles Schwartz against I. Edward Obstler and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued October term, 1913, before SEABURY, GUY, and BI-JUR, JJ.

Myron Krieger, of New York City, for appellants.
Sidney Newborg, of New York City, for respondent.

GUY, J. [1, 2] Plaintiff sues to recover the rent of loft premises under a written renewal lease, the granting clause of which reads to "I. Edward Obstler and Rubin Wolpert, trading under the name of the Universal Pad Company, Incorporated." The original lease was signed by the plaintiff, by defendant I. Edward Obstler, and by defendant "Rubin Wolpert, Treas.," and the seal of the Universal Pad Company, Incorporated, was attached to the lease. The renewal of the lease, on which this action is predicated, was signed by the plaintiff, "I. Edward Obstler, Pres.," and "Rubin Wolpert, Treas.," and the corporate seal of the corporation was attached thereto. It is admitted that the Universal Pad Company, Incorporated, was duly incorporated, and there is proof that defendants told plaintiff they wanted the loft for said corporation, of which the defendant Obstler was president. The evidence also shows that, both under the original lease and the renewal thereof, payments of rent were made by said corporation by its check and accepted by plaintiff.

It is clearly established that defendants acted as agents of a disclosed principal, and that plaintiff accepted the principal as the contracting party. The defendants cannot, therefore, be held liable individually because of any possible defect in the manner of executing the lease by the corporation. While not passing upon the question of the liability of the corporation, which is not directly involved in this action, it is evident that there was never any leasing to the defendants individually, or any intent on the part of the plaintiff to contract with defendants individually, or on the part of defendants to render themselves individually liable.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.